UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

ERIN L. RAY,                                         Case No. DL 14-07535
                                                     Hon. Scott W. Dales
                    Debtor.                          Chapter 13
_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

I. INTRODUCTION

On June 19, 2019, the court conducted a hearing regarding the Amended Application for

Additional Attorney Fees and/or Recovery of Costs Advanced (ECF No. 44, the "Application")

filed by chapter 13 debtor's counsel Kristin L. Krol, Esq., of the Debt Relief Legal Clinic, PLLC

(the "Applicant").  The Applicant seeks an award of attorney's fees in the amount of $722.26, to

be paid as an administrative expense from the bankruptcy of Erin L. Ray (the "Debtor").  The

chapter 13 Trustee, Barbara P. Foley (the "Trustee"), objects to the Application as untimely

because the Applicant filed it after the Debtor completed making her plan payments.  The court

agrees with the Trustee.

II. STATEMENT OF JURISDICTION & AUTHORITY

The court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. §

1334(a), and authority to resolve the dispute between the Applicant and the Trustee because the

United States District Court for the Western District of Michigan has referred all bankruptcy cases

and proceedings, including this one, to the United States Bankruptcy Court, pursuant to 28 U.S.C. § 157(a) and W.D. Mich. L. Gen. R. 3.1(a). The contested claim for administrative expense priority is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate), so the court has authority to enter a final order resolving the dispute.

## III. BACKGROUND

On December 4, 2014, the Debtor, with the Applicant's assistance, filed a petition under chapter 13 of the Bankruptcy Code. In February of 2015, the court confirmed the plan (ECF Nos. 2, 18 and 19, the "Plan"), and the Debtor continued making scheduled payments without serious controversy. On March 6, 2019, the Trustee filed a Notice to Debtor Concerning Completion of the Chapter 13 Plan (ECF No. 34, the "Notice to Debtor"), signaling the successful conclusion of the Debtor's case. The Notice to Debtor stated that the Debtor had apparently completed payments under the Plan and the Trustee would audit the case to ensure that "*your attorney has been paid in full*, the mortgage is current, and the secured creditors have been paid in full according to your plan." *See* ECF 34 (emphasis added). On April 8, 2019, in a text entry, the Trustee filed the Trustee's Report of Plan Completion (the "Trustee's Report") confirming the Debtor had completed payments under the Plan and asking the court to enter a discharge pursuant to 11 U.S.C. § 1328(a).[1] On April 9, 2019, apparently realizing her mistake in not filing a final fee application in response to the Notice to Debtor, the Applicant filed the Application, which drew the Trustee's objection.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code. 11 U.S.C. §§ 101-1532.

IV. ANALYSIS

The Applicant seeks approval of a final fee application under § 330(a)(4) to be paid by the Debtor's bankruptcy estate as an administrative expense according to § 503(b)(2), after the Debtor had already completed her Plan payments and the Trustee had distributed those payments to holders of allowed claim. As the Trustee states in her objection, "there are no funds on hand with the Trustee with which to pay the requested compensation." *See* Trustee's Objection to Application for Additional Attorney Fees and/or Recovery of Costs Advanced (ECF No. 40) at ¶ 8. There is no dispute that the Applicant complied with the fee disclosure requirements of 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016, and there is only a modest challenge to the reasonableness of the fees included in the Application. There is, however, a material dispute about the timeliness of the filing.

In response to the Trustee's untimeliness argument (premised largely on the fact that the Trustee has no estate funds with which to pay any claims), the Applicant argues that her client could amend the chapter 13 plan and make additional payments so that the Trustee could pay the fees and expenses, as requested. The argument fails for several reasons. First, the Bankruptcy Code forbids modification after "completion of payments under such plan." 11 U.S.C. § 1329(a); second, even assuming modification were possible, it hardly seems fair to require the Debtor to remain under the court's and the Trustee's tutelage for any longer just because her counsel neglected to timely file a fee application. *In re Cripps*, 549 B.R. 836, 858-59 (Bankr. W.D. Mich. 2016) (noting prejudice to debtors that would result from allowing administrative expense claim after completion of payments under plan), *aff'd*, 566 B.R. 172 (W.D. Mich. 2017). The Debtor completed payments under the plan on March 6, 2019, at which point her right to amend the Plan ended. Her counsel filed the Application more than a month later. As Judge John T. Gregg noted

in *Cripps*, the fact that the Trustee has no funds with which to pay administrative claims, and that modification is now impossible, together render the "Applicant's request for an administrative expense futile." *Id.* at 855. The futility of the Application makes it unnecessary to consider whether "cause" exists under § 503(a) to permit an untimely request under § 330(a)(4).[2]

## V. CONCLUSION AND ORDER

For the foregoing reasons, the court will deny the Application so that the Trustee can continue with her customary end-of-case activities, with an eye toward getting the Debtor the discharge she has nearly earned by completing all payments under the Plan.

With respect to counsel's query during the hearing whether her fees, if not allowed, would be discharged, the court notes (as it has in a similar situation) that it "typically does not declare whether particular debts are dischargeable, or not, without an adversary proceeding, let alone without an adversary." *In re Long*, 560 B.R. 728, 731 (Bankr. W.D. Mich. 2016) (citing Fed. R. Bankr. P. 7001(6) and (9)). Careful drafting of the additional provisions in a chapter 13 plan, however, could avoid these issues in the future by, for example, expressly providing that certain types of fees related to end-of-case issues (i) are not "provided for" by the plan; (ii) will expressly survive discharge; and (iii) will be paid directly by the debtor at the conclusion of the case. 11 U.S.C. § 1328(a) (only claims provided for by plan are discharged).

---

[2] It is also unnecessary to consider whether to approve the Application even without the possibility of administrative expense priority because the court does not regard approval of fees under § 330(a)(4) as necessary to creating the Applicant's right to payment from the Debtor – a matter governed by the retainer agreement and applicable non-bankruptcy law and not affected by the Plan. *See In re Acevedo*, Case No. DG 12–06576, 2015 WL 3373030 (Bankr. W.D. Mich. Jan. 26, 2015); 28 U.S.C. § 1652 (Rules of Decision Act); *contra In re Hirsch*, 550 B.R. 126, 137 n.11 (Bankr. W.D. Mich. 2016) (absent court approval under § 330, neither estate nor debtor is ever liable in chapter 13 case).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Application, as amended (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall forthwith serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Erin Leigh Ray, Kristen L. Krol, Esq., Barbara P. Foley, Esq., chapter 13 trustee, and the United States Trustee (by First Class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 1, 2019**



Scott W. Dales
United States Bankruptcy Judge